POWESHIEK COUNTY CENTRAL AGRICULTURAL SOCIETY,
Appellant, v. JOHN R. SHAFFER, Secretary, etc.,
and POWESHIEK COUNTY CENTRAL AGRICULTURAL
SOCIETY AT MALCOM, Intervenor, Appellees.

County Agricultural Societies: STATE AID: CONSTRUCTION OF
STATUTE. The extension of state aid, under section 1112 of the
Code, to "any county or district agricultural society composed of
one or more counties," which may make a report to the state
agricultural societies of the condition of agriculture in its county,
and raise a sum of money for actual membership, is not limited to
one society in each county.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

MONDAY, OCTOBER 17, 1892.

ACTION of *mandamus* to compel the defendant,
Shaffer, as secretary of the Iowa State Agricultural
Society, to issue certificates as provided in section 1112
of the Code, certifying that the plaintiff society had
reported to the board of directors of the Iowa State
Agricultural Society for the years 1888 and 1889, as
required by law. The allegations in the petition show
such compliance with the law as entitles the plaintiff
to have said certificates issued, and that the defendant
refuses to issue the same. The defendant answered, as
reasons for his refusal, that there are two societies
known as the "Poweshiek County Central Agricultural
Society," each of which held fairs in said county in the
years 1888 and 1889,—the one at Grinnell, the other at
Malcom; that said societies each made report, and
each claims to be entitled to certificate and aid from
the state provided in section 1112 of the Code. The
answer shows that in 1869 a society by this name was

organized, and continued to hold annual fairs upon its
grounds near the town of Malcom, until 1887; that
it made annual reports and received aid from the state,
as provided by law; that the plaintiff society held its
fairs in 1888 and 1889 upon its grounds near Grinnell,
and the other society on the grounds near Malcom;
that, because of this contest between the two societies,
the defendant has refused to issue certificates to either
society. The defendant asked that the Poweshiek
County Agricultural Society at Malcom be made a
party, and the court so ordered. The society at Malcom
filed its petition of intervention, claiming to be the
original society organized in 1869, and which had
continuously held annual fairs and received state aid.
It charges that in January, 1888, certain persons, with
a view to defrauding intervenor out of its good name
and rights, undertook to appropriate to themselves the
name of intervenor, and to supplant it by organizing a
society under the same name, and locating its grounds
at Grinnell; that the society at Grinnell had no right
to use said name, and no right to the state aid.
Intervenor asks that it may have a *mandamus* against
the defendant requiring him to certify in its favor for
the years 1888 and 1889. The plaintiff answered the peti-
tion of intervenor, claiming to be the original society
organized in 1869, and alleging that the society at
Malcom was organized July 31, 1888. Upon these
issues the case was submitted to the court as in
equity, and a decree entered dismissing the plaintiff's
petition, and granting a writ of *mandamus* in favor of
intervenor, from which decree the plaintiff appeals.
*Reversed.*

*Haines & Lyman* and *D. W. Norris*, for appellant.

*Wm. Kennedy*, for defendant, appellee.

*Cole, McVey & Cheshire*, for intervenor, appellee.

GIVEN, J.—It is provided in section 1110 of the Code, that "each county society * * * shall also make a report of the condition of agriculture in their county to the board of directors of the Iowa State Agricultural Society, * * * and the auditor of state, before issuing his warrant in favor of said societies for any amount, shall demand the certificate of the secretary of the state society that such report has been made." Section 1112 of the Code is as follows: "When any county or district agricultural society, composed of one or more counties, have made their report to the state society, as provided in the preceding section, and raises during the year any sum of money for actual membership, they shall be entitled to an equal sum, not exceeding two hundred dollars, from the state treasury, upon affidavit of the president, secretary, or treasurer of said society that such sum was raised for the legitimate purposes of the society during the current year, accompanied by the certificate of the secretary of the state agricultural society that they have reported according to law."

No question is made but that each of these societies has so complied with the law as to be entitled to the certificates claimed, and to the aid from the state, if such certificates and aid may be accorded to more than one such society in the same county. This contention proceeds upon the theory that only one of these societies is entitled to the certificate and aid claimed, each society claiming to be the Poweshiek County Central Agricultural Society, and alone entitled to the certificates and aid. The record not only shows that each of these societies has complied with the law as to reports, etc., but we think shows, also, that each is legally organized as an agricultural society. While neither society admits that the other is entitled to the certificates and state aid, yet the question naturally

suggests itself whether, under the statute, both · may not be entitled thereto. While the statute does not declare in terms whether or not there may be more than one agricultural society in the same county that may receive such certificate and aid, we think the purpose of the statute and its language warrant the conclusion that there may be more than one such society in a county, and that each may be entitled to the certificate and aid provided from the state, on complying with the requirements of the law. The only ground upon which the contrary might be inferred is that they are called "county agricultural societies" throughout the statute, but it nowhere appears that their number is limited. The evident purpose of the statute is to encourage the industries of the county, through these societies, by annually offering and awarding premiums "for the improvement of stock, tillage of crops, mechanical fabrics, articles of domestic industry, and such other articles and improvements as they [the societies]˙ may deem proper." It is only when the society has shown its ability to carry out this purpose by complying with section 1112 that the aid of the state is extended. The size and topography of some of the counties of the state is such that the purposes of the statute may be better accomplished by two or more societies than by one.

Any inference that might arise from the fact of their being called "county agricultural societies," that there can only be one such in a county, is fully rebutted by the language of section 1111, which is as follows: "Whenever any county agricultural society, organized according to law, shall have procured in fee simple, free from incumbrance, land for fair grounds, not less than ten acres in extent, the board of supervisors of said county may appropriate and pay to such society a sum not exceeding one hundred dollars for every thousand inhabitants in said county, to be expended by

such society in fitting up such fair grounds, but for no other purpose; but not more than one thousand dollars shall, in the aggregate, be appropriated to any one society." The board of supervisors act for a county only, and, if but one society is to be recognized in each county, why the provision: "No more than one thousand dollars shall in the aggregate be appropriated to any one society, if it was intended that but one society should be recognized, this limit of one thousand dollars would have been to the society. It is certainly inferable, from the fact that the board is limited to one thousand dollars "to any one society," that more than one society may entitle themselves to this aid from the county, and, if so, may also be entitled to aid from the state. This view is sustained by the provisions of section 1113, which is as follows: "Each society receiving such appropriation shall, through its secretary, make to the board of supervisors a detailed statement, with vouchers, showing the legal disbursement of all the money so received." If but one society may be recognized in the county, why the language "each society?" It seems to us clear that more than one society in the county may receive aid from the county, and there is certainly no reason why such societies, on complying with the law, are not entitled to the state aid provided.

Our conclusion is that these two societies, being each legally organized and having complied with the law, are each entitled to certificates from the secretary of the state society, and to the aid from the state provided in section 1112. The judgment of the district court will be reversed, and judgment entered granting a writ commanding the defendant to issue certificates, as provided by law, to the plaintiff, and to the intervenor, for the years 1888 and 1889, as prayed in their petitions; and that the plaintiff pay one half the costs, and the intervenor the other half. REVERSED.