(June 13, 1916.)

H. M. FLUHARTY, Respondent, v. THE BOARD OF COUNTY COMMISSIONERS OF NEZ PERCE COUNTY and NORTHWEST LIVESTOCK ASSOCIATION, Appellants.

[158 Pac. 320.]

COUNTIES—COUNTY EXPENSES—CONSTITUTIONAL AND STATUTORY PROVISIONS CONFLICTING.

1. Under sec. 4, art. 12, of the constitution, providing that "No county, town, city, or other municipal corporation, by vote of its citizens or otherwise, shall ever become a stockholder in any joint stock company, corporation or association whatever, or raise money for, or make donation or loan its credit to, or in aid of, any such company or association: . . . ." a donation by the county commissioners to a livestock association, a private corporation, though conformable to sec. 3040, Rev. Codes, providing that "The board of county commissioners of any county in this State, in which there is a regularly organized agricultural fair association, or any other corporation or company having for its object the exhibition of livestock and agricultural products of their county or the state, may, in their discretion, appropriate annually out of the county treasury, any sum not exceeding in amount one-half of one mill on every dollar of taxable property in said county, . . . . to assist in defraying the expenses of such fair," was invalid.

2. *Held*, that sec. 3040, Rev. Codes, contravenes sec. 4, art. 12, of the constitution, and is therefore unconstitutional and void.

[As to who may raise objection to constitutionality of statutes, see note in Ann. Cas. 1915C, 57.]

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge

Appeal from action of the board of county commissioners making an appropriation to the Northwest Livestock Association.   Judgment for plaintiff.   *Affirmed.*

J. H. Peterson, Atty. Genl., D. A. Dunning, and Herbert Wing, Assts., Henry S. Gray, County Atty., and E. A. Cox, for Appellant.

Judicial repose is accorded to statutes long acquiesced in. (*Continental Improvement Co. v. Phelps,* 47 Mich. 299, 11 N. W. 167; *Ferris v. Coover,* 11 Cal. 175, 176.)

Long and continued usage furnishes a contemporaneous construction, which must prevail over the mere technical import of the words.   (*Rogers v. Goodwin,* 2 Mass. 475.)

The language of art. 12, sec. 4, of the constitution is "doubtful and general."   (*State v. Gerdink,* 173 Ind. 245, 90 N. E. 70, 72; *Taylor v. Taylor,* 10 Minn. 107; *People v. Murray,* 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344; *Colby v. Backus,* 19 Wash. 347, 67 Am. St. 732, 53 Pac. 367; *In re Cave,* 26 Wash. 213, 216, 90 Am. St. 736, 66 Pac. 425; *Hager v. Gast,* 119 Ky. 502, 84 S. W. 556; *Rhea v. Newman,* 153 Ky. 604, 156 S. W. 154, 44 L. R. A., N. S., 989.)

Stronger presumptions of validity should be accorded to laws in force prior to the adoption of the constitution. (*State v. Gerdink, supra.*)

This court has always been zealous in reconciling statutes with the constitution, and seemingly especially so with statutes existing prior to adoption of the constitution.   (*Gilbert v. Moody,* 3 Ida. 3, 25 Pac. 1092; *McKnight v. Grant,* 13 Ida. 629, 121 Am. St. 287, 92 Pac. 989.)

County commissioners were exercising the same powers here challenged prior to the adoption of the constitution, and it is fair and reasonable to assume that the framers of the constitution intended that they should continue in the exercise of such power.   Similar constitutional provisions in other states, and decisions thereunder, strengthen our contentions.

(*Daggett v. Colgan,* 92 Cal. 53, 27 Am. St. 95, 28 Pac. 51, 14 L. R. A. 474; *Poweshick County Cent. Agr. Society v. Shaffer,* 86 Iowa, 377, 53 N. W. 304; *State v. Holmes,* 17 N. D. 32, 112 N. W. 144; *State v. Robinson,* 35 Neb. 401, 53 N. W. 213, 17 L. R. A. 383; *State v. Iverson,* 120 Minn. 247, 139 N. W. 498; *Livingston County Agr. Society v. Hunter,* 110 Ill. 155; *Nemaha Fair Assn. v. Myers,* 44 Kan. 132, 24 Pac. 71; *Hopper v. Willcox,* 76 Misc. 345, 135 N. Y. Supp. 384.)

As an educational institution, the Northwest Livestock Association is not within the prohibitions of the constitution. (*Downing v. Indiana State Board of Agriculture,* 129 Ind. 443, 28 N. E. 123, 614, 12 L. R. A. 664; *Bathe v. Decatur County Agr. Society,* 73 Iowa, 11, 5 Am. St. 651, 34 N. W. 484; *Hern v. Iowa State Agr. Society,* 91 Iowa, 97, 58 N. W. 1092, 24 L. R. A. 655.)

Legislative determination of its necessity or advisability resolves doubts in favor of the validity of the tax. (Cooley on Taxation, ed. 1876, pp. 69, 70; *Brodhead v. City of Milwaukee,* 19 Wis. 624, 652, 88 Am. Dec. 711; *Curtis' Admr. v. Whipple,* 24 Wis. 350, 1 Am. Rep. 187; *Citizens' Savings & Loan Assn. v. Topeka,* 20 Wall. (87 U. S.) 655, 22 L. ed. 455; *Weismer v. Village of Douglas,* 64 N. Y. 91, 21 Am. Rep. 586; *People v. Township Board of Salem,* 20 Mich. 452, 4 Am. Rep. 400.)

Edward Hofstede, for Respondent Fluharty.

Taxes can only be raised for public purposes. The promotion of the interests of individuals, and incidental benefit to the public which may result from their prosperity, does not justify the grant to them of public money raised by taxation to enable them either to use their property or to carry on their business to better advantage. (Cooley on Taxation, 2d ed., p. 115.)

Taxation must be for the public use of the district taxed. (Cooley on Taxation, 2d ed., 141; *Dorgan v. Boston,* 12 Allen (94 Mass.), 223; *Hammett v. Philadelphia,* 65 Pa. St. 146, 3 Am. Rep. 615; 11 M. A. L. 419.)

Where appropriations for agricultural fair associations have been upheld under constitutional and statutory provisions more favorable than ours, the courts have held that such grants must be strictly construed. (*Moses v. Summerset*, 58 Wash. 403, 108 Pac. 943; *Harding v. Bader*, 75 Mich. 316, 42 N. W. 942; *Agricultural Society v. McIntyre*, 17 Johns. (N. Y.) 87; *Warren County Agricultural etc. Co. v. Barr*, 55 Ind. 30; *Hogleskamp v. Weeks*, 37 Mich. 422; *Hall v. Kellogg*, 16 Mich. 135; *Silsbee v. Stockle*, 44 Mich. 561, 562, 7 N. W. 160, 367; 2 Corpus Juris, 990, 991.)

The act of the county commissioners and sec. 3040, Rev. Codes, are in violation of the constitution of Idaho. (*Johns v. Wadsworth*, 80 Wash. 352, 141 Pac. 892.)

The power to tax is the power to destroy, and the exercise of that power should be closely guarded by this court. (*Citizens' Sav. & Loan Assn. v. Topeka*, 20 Wall. (87 U. S.) 655, 22 L. ed. 455.)

PER CURIAM.—This is an appeal from the judgment of the district court reversing an order of the board of county commissioners, making an appropriation of $2,500 out of the current expense fund of the county in aid of the Northwest Livestock Association for the year 1915, and involves the constitutionality of sec. 3040, Rev. Codes.

Sec. 2778, Rev. Stats., enacted February 10, 1887, provided: "(Sec. 1.) The Boards of County Commissioners of any county in this Territory, in which there is a regularly organized agricultural fair association, or any other corporation or company having for its object the exhibition of livestock and agricultural products of their county, or of the Territory, may, in their discretion, appropriate annually out of the county treasury, any sum not to exceed five hundred dollars, to be paid to the trustees or managers of such association, to assist in defraying the expenses of such fair. But no appropriation can be made in any year in which a fair is not held, nor can any appropriation be made to more than one such association in any one year. Appropriations made under this act shall be paid out of the County General Fund."

This act was amended (Sess. L. 1905, p. 350).   The two principal changes were (1) to increase the possibilities of such donation by permitting boards to donate up to one-half mill on every dollar of taxable property within the county, and (2) to inhibit the expenditure of the money in encouragement of horse-racing or for purses for such races.   Otherwise the act is in all respects the same as when first enacted in 1887.   This act as amended is now sec. 3040, Rev. Codes.

Under the provisions of this section, the board of county commissioners of Nez Perce county made the following order on May 27, 1915, during a regular session:

"In the matter of the petition for and against the appropriation for Northwest Live Stock Association . . . . it was moved that an appropriation of $2500.00 be made from the current expense fund, and upon the vote being taken on said motion Watson voted 'Aye,' Ferris voted 'Aye,' and Southwick voted 'No.' . . . . It is therefore ordered by the Board, Southwick dissenting, that an appropriation of $2500.00 be made at the proper time from the current expense fund in aid of Northwest Live Stock Association, for the year 1915."

From this order made in pursuance of sec. 3040, Rev. Codes, an appeal was duly taken to the district court of the second judicial district, in and for Nez Perce county, and upon a trial *de novo* the foregoing order of the county commissioners appropriating $2,500 to the Northwest Livestock Association was by the trial court adjudged to be illegal and void; and it was reversed in its entirety, vacated and set aside.   This is an appeal from the judgment of the district court.

Appellant relies upon four assignments of error for a reversal of the judgment.   These assignments may be considered for the purpose of disposing of this appeal as involving but one question; namely, the constitutionality of sec. 3040, Rev. Codes.   If, under the provisions of said section, public moneys may be donated for and in aid of private corporations engaged in private enterprises, is the statute in contravention to and in violation of sec. 4, art. 12, of the constitution?   Sec. 4, art. 12, *supra,* provides: "No county,

. . . . by vote of its citizens or otherwise, shall ever become a stockholder in any joint stock company, corporation or association whatever, or raise money for, or make donation or loan its credit to, or in aid of, any such company or association. . . . . ''

The trial court in its findings of fact found in substance that at the time of the making of the order appealed from in this case and awarding the sum of $2,500 for the use and benefit of the appellant Northwest Livestock Association, that association ''was a corporation duly organized and existing under the laws of the state of Idaho and doing business therein, and that it is and was at the time of passage of said order and making of the said appropriation a private corporation.''

The section of the constitution above quoted in express terms prohibits a county through its board of county commissioners or by vote of its citizens or otherwise from making donation to, or in aid of, any company, corporation, or association. While it is true that the court found that the ''Northwest Livestock Association is a nonprofit-sharing association (corporation), that the members thereof pay membership fees, and that such fees are used to carry out the purpose of the association—that is, exhibiting livestock, agricultural products, and stimulating developing and promoting the agricultural and livestock of the northwest, to hold from time to time exhibitions, livestock and agricultural shows, sales and markets, to publish books, newspapers, circulars, magazines and any other literature with reference to livestock and agricultural interests,'' yet this would make no difference so far as the prohibition of the above constitutional provision is concerned.

As heretofore stated, this association is a private corporation engaged in a private enterprise to which the county in the foregoing constitutional provision is prohibited from making a donation or appropriation. Were such donation or appropriation made, it would place county funds donated or appropriated to such corporation under the control of the corporation and its officers, which funds would be appropri-

ated to, and expended for, other purposes than the legitimate current expenses for the lawful administration of the government of the county, and by individuals not officers of the county or amenable to the laws authorizing the expenditure of public moneys.

In the case of *Johns v. Wadsworth,* 80 Wash. 352, 141 Pac. 892, a constitutional provision and an enactment of the legislature both practically the same as we have here under consideration were construed. A liberal construction of the constitution was there contended for the same as in this case; and it was urged, as it is here, that the main and chief purpose of such an appropriation was for the promotion of the public interest and welfare. The court in that case said that the constitutional provision that "No county, . . . . shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association, company or corporation, . . . . or become directly or indirectly the owner of any stock in or bonds of any association, company or corporation," in most express terms prohibits a county from giving any money, property, or credit to, or in aid of, any corporation. The court conceded as we do that agricultural fairs serve a good and useful purpose, but stated that "the constitution makes no distinction between purposes, but directly and unequivocally prohibits all gifts of money, property, or credit to, or in aid of, any corporation."

In the case of *Wilkesbarre City Hospital v. County of Luzerne,* 84 Pa. St. 55, a legislative enactment which enabled a private incorporated hospital to make requisitions upon a county for the payment of its charges for the support of indigent patients under treatment was contested upon the ground that it conflicted with a constitutional provision which, as will be noted, is almost identical with sec. 4, art. 12, of our constitution. The provision reads: "The general assembly shall not authorize any county, . . . . to become a stockholder in any company, association, institution or corporation; or to obtain or appropriate money for, or to loan its credit to any corporation, association, institution or individual." Chief Justice Agnew delivered the opinion of the

court, and quoted with approval from the case of *Speer v. School Directors of Blairsville,* 50 Pa. St. 150, in which that constitutional provision was discussed, wherein it was said: "The purpose was to prevent the money of the people from passing into the control of private irresponsible associations or parties, and from being squandered in undertakings of doubtful propriety, or being liable to be lost through the want of integrity of those engaged in its disbursement. It intended to confine the municipal expenditures not only to public objects, but to public officers or agents under their direct responsibility to the municipality." The court then said that "A law enabling a private incorporated hospital to make requisitions upon a county, for the payment of its charges for the support of patients under treatment, even though they be paupers, is an appropriation of money by the county to the corporation and comes within the prohibition of the constitution. It is not a payment of any debt incurred by the county, but is a transfer of the money by operation of the act of assembly from the treasury of the county to that of the hospital. The hospital exercises no municipal function, but takes as a private institution by a mere act of appropriation. It is under no obligation to open its doors to municipal inspection or visitation, and cannot be controlled or called to an account for the moneys drawn upon requisition—once paid the money is beyond the control of the county. Thus its expenditures may be lavish, and the public funds are liable to be misdirected or squandered, without check, through extraordinary charges and unfair requisitions."

It must also be conceded that the counties have just as little right to exercise power not granted as that prohibited. If it had been the intention of the framers of the constitution to grant power to county governments to donate money for the purpose of assisting in defraying the expenses of agricultural fair associations, they would not have expressly prohibited counties from making donations to or in aid of any private corporation or association.

While the opinion of the court last above referred to so far as it states that the public moneys would be squandered or misdirected may not be literally true, yet this statement is based upon the correct principle, namely, that money cannot be legally donated to or in aid of private corporations, at least in the face of a constitutional prohibition of such donation or appropriation.

We must deal with this question as strictly a judicial one, however clear our convictions are that the purposes sought to be obtained are praiseworthy and beneficial to the public. We cannot for that or any other reason usurp authority which does not belong to us, and by judicial construction make ineffectual a plain constitutional provision, however long innocently violated. Where the constitution, being the supreme law of the state, forbids an act, no legislative enactment can legalize it. And for this court to do other than to adhere strictly to the provision of the constitution would be an act of judicial lawlessness. Nor will the best and most patriotic intentions make that law which contradicts the principles of the constitution or contravenes it justifiable.

We are impelled to the conclusion that the judgment of the trial court reversing the act of the board of county commissioners making a donation to, and in aid of, the Northwest Livestock Association, a private corporation, as being in violation of sec. 4, art. 12, of the constitution was proper. It is therefore ordered that the judgment be affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.