(October 31, 1918.)

P. R. BEVIS, Appellant, v. R. N. WRIGHT, Ex-officio Auditor and Recorder, and J. F. THOMPSON, Ex-officio Tax Collector, Nez Perce County, Respondents.

[175 Pac. 815.]

CONSTITUTIONAL LAW—TAXATION—PUBLIC PURPOSES.

1. Sess. Laws 1911, chap. 95, authorizing county commissioners to levy a tax for the purpose of creating a fund to be used for collecting, preparing and maintaining an exhibition of the products and industries of the county at any domestic or foreign exposition, for the purpose of encouraging immigration and increasing trade in the products of the state of Idaho, is constitutional.

[As to the purposes for which the power of taxation may be exerted, see notes in 2 Am. St. 94; 16 Am. St. 365.]

APPEAL from the District Court of the Tenth Judicial District, Nez Perce County. Hon. Wallace N. Scales, Judge.

Appeal from an order denying injunction. *Affirmed.*

Miles S. Johnson, for Appellant.

It has become the settled law of this state, by repeated decisions of this court, that boards of county commissioners are boards of limited jurisdiction and that they only have such authority as is granted to them by statute. Hence they have no authority to make a levy of this character unless expressly authorized by statute.

As to the constitutionality of this statute, which expressly authorizes this levy, we refer the court to the case of *Fluharty v. Board of County Commrs.*, 29 Ida. 203, 158 Pac. 320.

T. A. Walters, Atty. Genl., and J. M. Gilmore, for Respondents.

The purpose of the constitutional enactment was to prohibit the donation or appropriation of money by the county commissioners to corporations or associations, thereby placing

such money in the hands of the officers of such corporations or associations to be expended by them for such purposes as they saw fit. (*Fluharty v. Board of County Commrs.*, 29 Ida. 203, 158 Pac. 320.)

With reference to chap. 95, 1911 Sess. Laws, the statute under consideration in this case, there is no authority attempted to be given to the board of county commissioners, either expressed or implied, to "raise money for, or make donation or loan its credit to, or in aid of, any joint stock company, corporation or association."

RICE, J.—In this action appellant, a resident and taxpayer of Nez Perce county, seeks to enjoin the auditor of the county from extending upon the tax-rolls, and the tax collector thereof from collecting, a tax levy made by the county commissioners of one-fourth of one mill on each dollar of taxable property in the county, for the purpose of creating a fund to be used in collecting, preparing and maintaining exhibitions of the products and industries of the county at any domestic or foreign exposition for the purpose of encouraging immigration and increasing trade in the products of the State of Idaho.

The trial court denied the injunction.

The commissioners acted under the authority contained in 1911 Sess. Laws, chap. 95, p. 340, which reads as follows:

"The Boards of County Commissioners of the several counties within the State of Idaho, or any of them, are hereby authorized and empowered to levy a special tax on all the taxable property within their respective counties, for the purpose of creating a fund to be used for collecting, preparing and maintaining an exhibition of the products and industries of the county at any domestic or foreign exposition, for the purpose of encouraging immigration and increasing trade in the products of the State of Idaho; Provided, The total tax levies for such purposes in any year shall not exceed One (1) Mill on each One Dollar ($1.00) of taxable property in the county, according to the assessment-roll."

Appellant contends that the statute relied upon is repugnant to art. 12, sec. 4, of the state constitution, which, so far as the same is applicable, reads as follows:

"No county, .... by vote of its citizens or otherwise, shall ever become a stockholder in any joint stock company, corporation or association whatever, or raise money for, or make donation or loan its credit to, or in aid of any such company or association."

Art. 8, sec. 4, of the constitution is as follows:

"No county .... shall lend, or pledge the credit or faith thereof directly or indirectly, in any manner, to, or in aid of any individual, association or incorporation, for any amount or for any purpose whatever, or become responsible for any debt, contract or liability of any individual, association or corporation in or out of this state."

Appellant cites the case of *Fluharty v. Board of County Commrs.*, 29 Ida. 203, 158 Pac. 320, as controlling in this case. In that case it was held that the act of the board of county commissioners in making donation to and in aid of the Northwest Livestock Association, a private corporation, was in violation of art. 12, sec. 4, of the constitution. In this case, however, the board of county commissioners levied the tax for the purposes named in the statute above quoted. There is nothing in this action to indicate that Nez Perce county has become, or intends to become a stockholder in any joint stock company, corporation or association, or that the county intends by its action to raise money for, or make donation or lend its credit to or in aid of any individual, association or corporation.

The principal question to be considered is whether the purposes for which the tax was levied fall within the scope of the legitimate exercise of the taxing power.

In the case of *State ex rel. Douglas County v. Cornell*, 53 Neb. 556, 68 Am. St. 629, 74 N. W. 59, 39 L. R. A. 513, it is said:

"The following principles are too well established by the authorities to require discussion at this time:

"First.   The legislature may authorize taxation for a public purpose, but a tax imposed for an object in its nature essentially private is void.   (1 Dillon, Municipal Corporations, sec. 508; Cooley, Taxation, 2d ed., pp. 55, 103; 25 Am. & Eng. Ency. of Law, p. 87, and the numerous cases cited in note 2 on said page.)

"Second.   It is for the legislature in the first instance to decide whether the object for which the tax is to be used or raised is a public purpose, but its determination of the question is not conclusive.   (*Supra.*)

"Third.   To justify a court in declaring a tax invalid on the ground that it was not imposed for the benefit of the public, the absence of a public interest in the purpose for which the money is raised by taxation must be so clear and palpable as to be immediately perceptible to every mind.   [Citing a number of cases.]''

We quote from Cooley on Taxation, 3d ed., p. 182, as follows:

"It is also agreed that the determination of what is and what is not a public purpose belongs in the first instance to the legislative department.   It belongs there because the taxing power is a branch of the legislative [department], and the legislature cannot lie under the necessity of requiring an opinion or the consent of another department of the government before it will be at liberty to exercise one of its acknowledged powers.''

It cannot be said that the purposes for which the statute authorizes the levy to be made are private rather than public. On the contrary, it would appear that the purposes for which such a levy is authorized by the statute conduce to the promotion of the general welfare, and to some extent are educational in their nature.   (*State v. Cornell, supra; State v. Robinson,* 35 Neb. 401, 53 N. W. 213, 17 L. R. A. 383; *Daggett v. Colgan,* 92 Cal. 53, 27 Am. St. 95, 28 Pac. 51, 14 L. R. A. 474; *Shelby County v. Tennessee etc. Exposition Co.,* 96 Tenn. 653, 36 S. W. 694, 33 L. R. A. 717; *Norman v. Kentucky Board of Managers of World's Columbian Exposition,* 93

Ky. 537, 20 S. W. 901, 18 L. R. A. 556.  See, also, *Harring-ton v. Atteberry*, 21 N. M. 50, 153 Pac. 1041.)

It cannot be successfully maintained that the tax is author-ized for the benefit of the state rather than the county, and that therefore a tax for such purpose should be uniform throughout the state.  While the state at large might receive some benefit, the principal object sought to be obtained in-ures to the benefit of the county itself.  (Cooley on Taxation, 3d ed., p. 229 et seq.)

The order is affirmed.  Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.