AKRON (CITY), PLAINTIFF, *v.* WHITE, DEFENDANT.

Municipal Court, Akron.

Criminal Division.

No. 310046. Decided October 12, 1963.

248

PRICE, J. The defendant was charged by affidavit filed in this court with a violation of Sec. 1185.04 of the Code of the City of Akron which prohibits the carrying of certain weapons in the City of Akron.

The defendant demurred to the affidavit for the reason that:

The ordinance is unconstitutional and therefore invalid. The ordinance provides:

"No person shall carry on or about his person a pistol, knife having a blade two and one-half inches in length or longer, knuckles, or a billy or other dangerous weapon; provided however, that upon the trial of this charge, the defendant shall be acquitted if it appears that he was at the time engaged in a lawful business, calling, employment, or occupation, and that the circumstances in which he was placed justified a prudent man in possessing such a weapon for the defense of his person or family."

The defendant for the purposes of this demurrer admits that he did carry on or about his person a weapon in violation of the above ordinance.

The City of Akron is a Charter City operating under the provisions of Article XVIII, Section 3, of the Constitution of the State of Ohio.

That Article and Section provide:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

A municipal ordinance passed under the above Constitutional grant must not be arbitrary, discriminatory, capricious, or unreasonable and must bear a real and substantial relation to the health, safety, morals of general welfare of the public. *City of Cincinnati* v. *Correll*, 141 Ohio St., 535.

The ordinance in question must be held to be constitutional unless it is beyond question a plain palpable invasion of the rights secured by the fundamental law or in conflict with the general law. *Jacobson* v. *Commonwealth of Massachusetts*, 197 U. S., 11, L. Ed., 643. The ordinance is, beyond question, directed to and bears a substantial relation to the protection of the general public of the City of Akron. The object of the ordinance is to regulate the use and transportation of certain dangerous weapons. The effect of the ordinance is to protect the citizens of the city from depredation and injury by vicious persons who would carry such dangerous weapons with which to terrorize others. The authority of the Legislature in this field is well settled. *State* v. *Nieto*, 101 Ohio St., 409; *Bliss* v. *Commonwealth*, 2 Litt. (12 Ky.), 90; *United States* v. *Miller*, 300 U. S., 506; *State* v. *Jackson*, 37 Alabama App., 335.

The protection of the general public by the regulation of the use and transportation of dangerous weapons by the legislative authority is a legitimate exercise of that authority in the field of public safety.

While the legislative authority may not prohibit entirely the right of the people to bear arms, *State* v. *Nieto, supra*, it can and properly should regulate the use and transportation, including carrying upon the person, of certain specific weapons. The ordinance also provides for the right of the person engaged in a lawful business to carry the weapons described for the protection of himself, his family and his property. The ordinance does not therefore invade the right of the individual to bear arms for the protection of his person or property.

It is also to be noted that the ordinance does not prohibit the carrying of all arms within the city but only certain specific

weapons which the legislative authority has determined must be regulated for the protection of the public generally.

The ordinance is a reasonable regulation of general application providing for the safety of the public generally. *State v. Hogan*, 63 Ohio St., 202, Sections 2923.02 and 2923.02.1, Revised Code.

The defendant contends that the ordinance is in conflict with the general law by reason of the fact that the ordinance provides for a penalty as a misdemeanor while Section 2923.01, Revised Code, provides for a penalty which may include imprisonment in the penitentiary and therefore a violation of Section 2923.01, Revised Code, may be a felony.

Section 2923.01, Revised Code, provides:

"No person shall carry a pistol, bowie knife, dirk or other dangerous weapon concealed on or about his person. This section does not affect the right of sheriffs, regularly appointed police officers of municipal corporations, regularly elected constables, and special officers as provided by Sections 311.07, 737.-10, 1717.06, 1721.14 and 2917.32, Revised Code, to go armed when on duty. Deputy sheriffs and specially appointed police officers, except as are appointed or called into service under said sections may go armed if they first give bond to this state, to be approved by the clerk of the court of common pleas, in the sum of one thousand dollars, conditioned to save the public harmless by reason of any unlawful use of such weapons carried by them. Persons injured by such improper use may have recourse on said bond.

"Whoever violates this section shall be fined no more than five hundred dollars, or imposed in the county jail or workhouse not less than thirty days nor more than six months, or imprisoned in the penitentiary not less than one nor more than three years."

It is well settled that an ordinance which provides a penalty as a misdemeanor for an act which the state statute penalizes as a felony is invalid and unconstitutional. *Cleveland v. Betts*, 168 Ohio St., 386. However, an examination of Section 2923.01, Revised Code, indicates that the statute prohibits the carrying of *concealed* weapons and describes those weapons which shall not be carried *concealed* on or about the person. The ordinance in question on the other hand prohibits the *carrying* of the certain described weapons even though not concealed.

The statute does not prohibit the carrying unconcealed; neither does it license or permit the carrying of the weapons described in the ordinance though unconcealed.

The Supreme Court of the State of Ohio has said in the case of *Village of Struthers* v. *Sokol*, 108 Ohio St., 263:

"2. In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

Also *Akron* v. *Williams*, 113 Ohio App., 293.

It is the opinion of this Court that the ordinance is a proper regulation of acts different from the acts prohibited by the statute, that the ordinance is a constitutional and valid exercise of the power of the legislative authority and the demurrer is therefore overruled.

Exceptions to defendant. Counsel for City of Akron to prepare and present a proper entry.