Cecil Glendale MARTIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14449.

Court of Criminal Appeals of Oklahoma.

July 3, 1968.

T. Hurley Jordon, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Cecil Glendale Martin was charged, tried and convicted for the offense of Receiving Stolen Property After Former Conviction of a Felony, was tried by a jury which found him guilty and was sentenced to serve a term of six years imprisonment in the state penitentiary at McAlester, and appeals.

■ Since the defendant contends that the evidence is insufficient to support the verdict of the jury, we deem it necessary to briefly set forth the facts adduced on the trial. Briefly stated, the evidence discloses that some time between 5:00 p. m. on the evening of August 16, 1966, and 7:00 a. m. of August 17, 1966, the Edwards Elementary School was burglarized and an Olympia Typewriter, Serial No. 7–1155590, was stolen therefrom. The evidence further discloses that the defendant was out of state and did not return to Oklahoma City until 7:30 a. m. August 17, 1966, and that at approximately 12:15 p. m. on that date, the defendant pawned said typewriter to the Reliable Pawn Shop for $15.00, stating that he had owned the typewriter for some two years and that it had been given to him by his mother. Defendant now contends that the possession of recently stolen property might support a conviction for Burglary, but that it is wholly insufficient to establish that he knowingly received the same. With this contention we cannot agree, for it is clear from the evidence that defendant was not present in Oklahoma City at the time the burglary took place and that some time between 7:30 a. m. and 12:15 p m., he received the typewriter from either the thief or some other person. His claim of ownership for the property for a period of two years prior to its theft clearly indicates that he received the same under circumstances knowing that the same was stolen. We are of the opinion, therefore, that this assignment of error is without merit.

■ It is further contended that the court erred in refusing to declare a mistrial when the judge's attention was called to an article published in the Oklahoma City paper prior to the time the case was submitted to the jury, by reason of the fact that the article referred to the defendant's trial and recited his former conviction. The record discloses that after the jury had returned a verdict of guilty, an in-chambers hearing was conducted by the trial judge, at which time the newspaper article was called to his attention by the defendant. Thereafter, in open court, the trial judge questioned each of the jurors as to whether they had read the article or heard it dis-

**974**

cussed and that each replied that they had not. We are of the opinion that this assignment of error is also without merit.

■ It is next contended that the sentence of six years imprisonment for the offense of Receiving Stolen Property After Former Conviction of a Felony is excessive and with this contention we do not agree, for the punishment was well within the range of punishment provided by law and there is not one scintilla of evidence to indicate that the sentence was a result of passion or prejudice against the defendant.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX, P. J., and BRETT, J., concur.