**Albert Richard KIDD, Plaintiff in Error,**
v.
**The STATE of Oklahoma, Defendant in Error.**
**No. A–14543.**

Court of Criminal Appeals of Oklahoma.
Nov. 26, 1969.

Jo-Ann Fisher, Oklahoma City, Attorney at Trial, Don Anderson, Public Defender, Homer Thompson, Asst. Public Defender, Oklahoma County, for plaintiff in error, on Appeal.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Albert Richard Kidd, who shall be hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County, Case No. 32,792, with the crime of Attempting to Obtain Merchandise Under False Pretenses, under Title 21, O.S.A. § 1541. He was tried before a jury, found guilty, and his punishment fixed at three and one-half years in the penitentiary.

This charge arose out of the following set of facts. Archie B. Cameron testified he lived in Oklahoma County and was employed by L & S Bearing. He identified a Liberty credit card as one bearing his name, and that he had never made application for one and never received one from any source. That he had not authorized anyone to use the card for the purpose of obtaining credit. Then the State produced Robert Thrower who testified that he was an employee of the Liberty National Bank. He identified the credit card as one issued to Mr. Cameron from a list submitted by participating merchants. That the card was mailed out and evidently received by someone as it was never returned to the bank. That they had one account styled Archie B. Cameron. That they never

give anyone else permission to use it. Mr. Benjamin testified he was the owner of the London Shop in Oklahoma City; that defendant was in his store approximately 3:00 or 3:30 p. m. on December 23, 1966. Defendant picked out a suede front jacket and told him he wanted to purchase said jacket. When he asked defendant "would it be cash or charge?" Defendant presented him with a Liberty Card. Mr. Benjamin said he took the Liberty Card upstairs and made out the ticket and came back, and defendant was gone. That the value of the jacket was $45.00. Casey Jones next testified that he was a security officer at Penn Square. That on December 23, 1966, about 3:00 p. m., he passed the London Shop. That he knew the defendant and saw him on the inside of the London Shop. That he then entered the Shop and defendant looked up, saw him, and left the store. He left hurriedly and was walking fast. Officer Jones followed him until he went into a parking lot, and then the officer returned to the London Shop and talked with Mr. Benjamin. Defendant was later arrested and charged with attempting to obtain merchandise under false pretenses.

The chief complaint of defendant was that his demurrer should have been sustained because the evidence was wholly insufficient to prove a crime as alleged in information. Defendant also contends the trial court erred in his instructions to the jury, but we find no merit to this contention as the record is void of any objections or exceptions taken to the instructions by the defendant and this Court has consistently held it is the duty of counsel, as an officer of the Court, to aid the Court to avoid error by objecting to improper instructions and submitting one to be given. In this case, counsel did neither, and cannot now be heard to complain.

As to the demurrer, we feel that the trial court properly overruled on said question. The defendant was charged with an attempt to commit a crime. The three elements required to constitute an attempted crime are as follows: (1) intent, (2) some overt act toward the commission of the crime, and (3) failure to consummate.

In the instant case, defendant picked out a jacket and said "I want this jacket." Mr. Benjamin, the owner, said "Cash or charge?" At that point, defendant handed him a Liberty Card bearing a name other than his own. Upon the arrival of an officer, the defendant took off while Mr. Benjamin was filling out the necessary papers to complete the sale. The crime was interrupted and thus, never consummated. The defendant offered no evidence to explain his actions. The evidence was sufficient to go to the jury for a determination of the facts.

It appears from the entire record that defendant had a fair trial, free of any errors that would justify reversal or modification.

The judgment and sentence of the trial court is, therefore, affirmed.

BRETT, P. J., and BUSSEY, J., concur.