Lieutenant JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15072.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

Rehearing Denied March 11, 1970.

Dale M. Everett, Oklahoma City, for plaintiff in error.

Lieutenant Johnson, pro se.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Lieutenant Johnson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Murder. Judgment and sentence was pronounced in accordance with the verdict of the jury on the 2nd day of November, 1966, and on the same day and prior to the entry thereof, defendant's counsel of his own choice, Mr. William R. Lewis, who had represented him throughout the trial proceedings, filed a Motion for New Trial, but declined to argue said Motion. The Court then proceeded to pronounce the defendant's sentence of life imprisonment in the state penitentiary, and at that time, notice of intent to appeal to this Court was duly filed, together with an affidavit of the defendant alleging that he was indigent and unable to pay for the preparation of case made in order to perfect his appeal to this Court. The defendant was called by his attorney to testify in support of the affidavit and at the conclusion of this testimony and after hearing arguments of counsel, the court declined to grant the defendant a case made at public expense stating as he did so that he thought the defendant had received a fair trial and that the appeal was a frivolous one. Thereafter, this Court granted defendant's application for a post conviction appeal and directed the preparation of case made and the appointment of counsel to represent the defendant in perfecting a post conviction appeal to this Court. The trial court appointed Mr. Don Anderson, one of the Public Defenders of Oklahoma County, who, after preparing a brief on

behalf of the defendant, indicated that he thought the appeal to be a frivolous one and requested permission of the Court to withdraw.

One of the many pro se correspondences addressed to this Court complained of the court-appointed counsel and the Court, in view of the Public Defender's request and the defendant's complaint, allowed Mr. Anderson to withdraw and directed that the trial court appoint new counsel. The trial court then appointed Mr. Dale M. Everett, who has prepared an extensive and excellent brief which the defendant has supplemented by additional complaints and allegations, most of which are unsupported by the record, and none of which possess sufficient merit to warrant discussion in this opinion.

Briefly stated, the evidence of the State witnesses Sharon Washington, Karen Ann Wafer, Sue Washington, and Charles Washington, was that on the early morning of the 1st day of May, 1966, the defendant, who had been drinking and was belligerent, committed an unprovoked attack on one Bobby Lee Reed by stabbing him, the stab wounds resulting in his death. The defendant's testimony was, in substance, that he had known the deceased for several years and knew him to be of a violent and aggressive nature; the first event being observed by the defendant in 1958 and that on the evening preceding the early morning stabbing, the deceased had argued with him at another nightclub over a chair, and used abusive language; that the deceased followed him to the Jumpsey Bar and provoked the incident which resulted in his death. The defendant testified as to the minute details of what transpired on the early morning of May 1, 1966 and the evening which preceded it, and his statements were in sharp and direct conflict with testimony of the State witnesses.

■ In the Motion for New Trial filed in the trial court prior to the rendition of the judgment and sentence, there are ten assignments of error; however, they amount to three assignments which are: (1) that the evidence was wholly insufficient to support the verdict of the jury; (2) that the trial court erred in instructing the jury; and (3) that the punishment imposed was cruel, harsh and excessive. Even the most cursory examination of the record discloses that the evidence, although conflicting, overwhelmingly supports the verdict of the jury and the only conflict in the testimony was whether the homicide was committed in necessary self-defense, or whether it was murder. This presented a question of fact for the jury and it is difficult for this Court to see how they could have arrived at any other verdict. We would further observe that but for the demonstrated skill of trial counsel, Mr. Lewis, the defendant might well have received the death penalty. He was capably represented throughout the trial and the trial court acted with impartiality and fairness. We have repeatedly held, as was stated in the second paragraph of the Syllabus of Music v. State, Okl.Cr., 396 P.2d 894:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

This leads us to the proposition preserved in the Motion for New Trial for review on appeal that the trial court erred in instructing the jury. Our examination of the record leads us to conclude that the trial court fairly and fully instructed the jury as to the law applicable to the case, including the defendant's theory of self-defense, and that the instructions, taken as a whole, are free of any error which would justify modification or reversal.

■ As to the third assignment of error that the punishment imposed was excessive, we have already pointed out that he could

■■■■■■■■■■■■■■■■■■■■

have received the death penalty, and that life imprisonment is the minimum punishment that could have been imposed by the jury.

Present court-appointed counsel has raised several assignments of error which were not contained in the Motion for New Trial or supported by the record.

■ Although in his well prepared brief, he has cited authority supporting these propositions as applied to the facts in the instant case, they do not possess sufficient merit to warrant discussion; suffice it to say that the defendant was fairly tried by a jury of his peers, convicted on overwhelming evidence and sentenced to the minimum sentence that could be imposed for the offense of which he stands convicted, and the record is free of any error which would justify reversal.

We have not dealt extensively with the various propositions raised since after a thorough examination of the record, we feel this is a completely frivolous appeal, as did the trial court.

For the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.