**Larry Tyrone NEDIO, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A-15813.**

Court of Criminal Appeals of Oklahoma.

June 30, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack S. Pratt, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in error, Larry Tyrone Nedio, hereinafter referred to as defendant, was charged with Assault and Battery with a Deadly Weapon With Intent to Kill in the District Court of Oklahoma County, Case No. CRF–69–2212. Defendant was found guilty by jury verdict of Assault and Battery With a Dangerous Weapon, with punishment fixed at Five Years imprisonment. Judgment and sentence was imposed on January 23, 1970, and this appeal perfected therefrom. Defendant was represented by the public defender at the trial and on appeal.

Briefly stated, the evidence establishes that on September 10, 1969, at about 9:30 P.M., Donald Lee Ellis and Gary Alexander got into a fight after they had earlier been drinking wine with the defendant. There were several other people around during the encounter. Ellis apparently gave a knife to Rose Bruner, and Alexander gave a gun to the defendant, upon agreeing it was to be a fight using only hands. Defendant took no part in this fight, and the other witnesses finally separated Ellis and Alexander. Some of the witnesses testified that upon breaking up the fist fight, defendant first made a remark to Ellis to which Ellis replied he would fight defendant as well. Defendant then got the gun, pointed it at Ellis, pulled the trigger—which did not fire the gun; and, pulled the trigger a second time causing the gun to fire, striking Ellis in the stomach. Defendant then threw the gun under the house, where the police recovered it. The witnesses disagree over whether Ellis advanced on defendant. One witness saw defendant load the gun after Alexander gave it to him. Another witness and defendant testified after the fist fight Ellis said, "It's your time, Nedio", and advanced on defendant. Defendant denied loading the gun, thought he saw a knife in Ellis' hand, and believed the gun was unloaded when he pointed it at Ellis. Defendant was partly crippled from a childhood spinal injury and smaller in size than Ellis.

The only contentions urged by the public defender are consideration of the sufficiency of the evidence and modification of the sentence.

From the foregoing summary of the evidence it is apparent there was competent and sufficient evidence to support the jury verdict. There is no dispute that defendant shot Ellis and the only fact question to be resolved was whether defendant acted in self-defense or acted with the intent to kill. The jury found defendant did not act in self-defense and that he did not intend to kill, thereby finding him guilty of assault and battery with a dangerous weapon. There was competent evidence to support this finding notwithstanding a conflict in the testimony, and that different

inferences may be drawn therefrom. Johnson v. State, Okl.Cr., 465 P.2d 481 (1970).

As to the punishment, 21 O.S.1961, § 645, provides the range of punishment on conviction for assault and battery with a dangerous weapon from one year in county jail to five years in the penitentiary. Defendant has called no errors to our attention, nor do we find any that would justify modification of the sentence because of passion or prejudice on the part of the jury. The maximum term does not necessarily indicate a sentence influenced by prejudice. Since the sentence is within the statutory limits and there are no grounds for modification, the judgment and sentence must be affirmed. Kidd v. State, Okl.Cr., 462 P.2d 281 (1969).

Affirmed.

BUSSEY, P. J., and BRETT, J., concur.