**Harry Dean SHEFFIELD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15833.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael D. Tinney, Asst. Atty. Gen., for defendant in error.

## DECISION AND OPINION

BRETT, Judge:

Plaintiff in Error, Harry Dean Sheffield, hereafter referred to as defendant, was tried by a jury in the District Court of Oklahoma County for the offense of Concealing Stolen Property, After Former Conviction of a Felony, case number CRF–69–382; and on January 25, 1969, judgment and sentence was imposed after the second stage of his trial was concluded and the jury assessed defendant's punishment at six (6) years imprisonment. Defendant was represented by the Public Defender for Oklahoma County in his trial and in this appeal from the judgment and sentence. Defendant's first attempt to appeal was dismissed by this Court, but the order of dismissal was subsequently vacated and the appeal is now being considered.

In defendant's first proposition he asserts that the evidence was not sufficient to sustain the verdict; and in his second one he sets forth that the punishment assessed by the jury was excessive. Both of

defendant's propositions are without sufficient merit to cause a reversal of this conviction.

The State offered four witnesses who provided a chain of circumstances and traced the possession of certain stolen carpenter's tools to the defendant, who sold them to a pawn dealer in Oklahoma City. The defendant did not testify, nor did he offer any other witnesses in his defense.

Robert Meeks testified that he was a carpenter and in February of 1969, was working on a Skaggs Construction Company job at the Oklahoma Rendering Plant in the Stockyards in Oklahoma County. On February 18th he put carpenter tools away and locked them in a shed. On returning to work the next morning he discovered the lock had been knocked off the door and four boxes of the tools were missing. These tool boxes contained a skill saw, a drive-it gun and other hand tools.

Arch Corn testified that he was general manager of the Oklahoma Rendering Company. Defendant was employed by that company as late as December 23, 1968, at which time the Skaggs Construction Company job was being done. Defendant's duties were such that he would have occasion from time to time to pass by the shed where the carpenters left their tools.

Joe C. Lilly testified that he was in the business of used plumbing supplies and had been so engaged for 25 years; he also occasionally traded in carpenter tools. On February 19, 1969, defendant came in his place of business and showed him the four boxes of tools. After dickering with Lilly, defendant sold him the tools for $65.00. Lilly recorded defendant's name and address, and then noticed the name "Skaggs Construction Company" on one of the boxes and called the company. Shortly thereafter a representative of that company came, identified the tools and paid Lilly $65.00.

Leon Meeks testified that he was a contractor and on February 19, 1969, he went to Joe Lilly's place of business where he identified four boxes of tools as belonging to Skaggs Construction Company. He testified that he paid Lilly $65.00 and recovered the tools. This witness identified the skill saw and drive-it gun, in court, by means of their respective serial numbers.

After the court instructed the jury in the first stage of the trial, the jury returned a verdict finding defendant guilty. The trial court then conducted the second stage of the trial for the purpose of determining the amount of punishment to be assessed the defendant. Defendant's former conviction for Second Degree Burglary was stipulated. The jury returned its verdict assessing defendant's punishment at six (6) years imprisonment.

There was sufficient competent evidence to submit this matter to the jury; and this Court has repeatedly held that a verdict will not be disturbed where the final determination is supported by competent evidence. *Cf.* Jones v. State, Okl.Cr., 468 P.2d 805 (1970). It is the exclusive province of the jury to weigh the evidence and determine the facts, Kidd v. State, Okl.Cr., 462 P.2d 281 (1969).

Title 21 O.S.1961, § 1713, provides the maximum punishment for the first conviction for concealing stolen property to be five (5) years; and 21 O.S.Supp.1968, § 51, which provides punishment for second or subsequent convictions, prescribes punishment for the second offense to be not more than ten (10) years imprisonment, when punishment for conviction on the first conviction for the same offense is five (5) years or less. In the instant case, defendant's punishment could have been assessed at ten (10) years imprisonment, and is therefore well within the statutory limits prescribed. Punishment within the guidelines prescribed by statute, is not excessive, Martin v. State, Okl.Cr., 443 P.2d 972 (1968). We therefore do not accept defendant's second contention that the punishment is excessive.

We are of the opinion, after considering the record of testimony, the information, the instructions given the jury, and the

briefs submitted that there is no reason to disturb the judgment and sentence of the trial court; and, therefore, the judgment and sentence in case number CRF–69–382, in the District Court of Oklahoma County should be affirmed.

Judgment and sentence affirmed.

BUSSEY, P. J., concurs.