**Daisy B. TAYLOR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–74–724.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1975.

Rehearing Denied Jan. 27, 1975.

John R. Sprowls, Hatcher & Sprowls, Pauls Valley, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge.

Defendant, Daisy B. Taylor, was convicted by jury verdict in the District Court, Garvin County, for the offense of Assault and Battery on a Police Officer, in violation of the provisions of 21 O.S.1971, § 649. From the evidence adduced at trial the jury determined that defendant was guilty as charged with having physically attacked Garvin County Sheriff Billy Branch while he was in the performance of his duties on the 14th day of September, 1973. This assault and battery having been accomplished by defendant while wielding an axe and a club. Pursuant to the verdict of the jury defendant was fined in the amount of Four Hundred ($400.-00) dollars and she appeals said judgment and sentence to this Court raising two propositions of error.

For a considerable period of time preceding the date of the offense on trial, defendant and her immediate neighbors, Mr. and Mrs. Bert Dark, had been embroiled in a boundary dispute which had, by that point in time, resulted in civil litigation. As a consequence of this litigation defendant was served with a restraining order on the morning in question. In essence the restraining order prohibited defendant from entering upon land belonging to the Darks and the property which was in dispute between the parties and further prohibiting her from chopping down trees on these properties.

Mr. and Mrs. Dark testified that early that evening the defendant came upon disputed land and, while standing approximately 100 feet from their home, screamed, cursed and threatened them while holding an axe in her hands. Mrs. Dark became very frightened and therefore Mr. Dark called the Sheriff's Office for assistance.

Sheriff Branch testified that when he arrived at the Dark's home they advised him of what was happening and he walked over to the defendant to talk with her. He recounted that as he approached her he identified himself as the Sheriff of Garvin County and inquired as to what she was doing. As remembered by Sheriff Branch, defendant's response consisted of cursing, which in this Court's opinion, can be adequately described as vigorous. Defendant then threatened the Sheriff with her axe and charged him, swinging the axe at him twice. When he succeeded in taking the axe from her hands, defendant picked up a stick, swung it at him and when she missed, threw it at him. Sheriff Branch stated that he then moved in on the defendant and when he tried to subdue her she attempted to scratch his eyes. He succeeded in grabbing her left wrist, pulled her left arm behind her back and placed her under arrest whereupon Al Schons arrived at the scene and grabbed the defendant's right arm. Together they walked her back to the Sheriff's car where they handcuffed her and drove her to jail.

Mr. and Mrs. Dark testified that they had observed this altercation from the vantage point of their carport and their testimony concerning the occurrence was essentially consistent with Sheriff Branch's.

Daisy Taylor testified in her own behalf and her account of the incident was in sharp conflict with the State's evidence. She stated that at the time in question she was on her own land and had merely been looking at frogs in her pond when a strange man approached her. She stated that this man did not identify himself as the Sheriff and that he spoke very roughly to her accusing her of being on property she did not own. That he then lunged at her, grabbed her arm, threw her to the ground and drug her up to the barn where a man she identified as Deputy Schons appeared. Defendant denied that she had attacked Sheriff Branch. She denied that she had been holding an axe at the time in

question. Her further testimony was that she was physically incapable of swinging an axe because her left side had been entirely removed in a cancer operation thereby rendering her unable to perform feats requiring physical strain. Ms. Taylor related that while she could lift but not swing an axe she had not lifted an axe on the day in question. The defendant's uncontroverted testimony was that she was 64 years of age.

Alfred Johnson testified that he had been working for Ms. Taylor for eight or nine years and that he lived on her property. He also stated that he had never seen her using an axe.

Jessie Scott was called by the State and testified as a rebuttal witness. She stated that she was a mutual neighbor of the defendant and the Darks and that earlier on the day in question she had observed the defendant cutting down trees with what appeared to be an axe although on cross-examination she stated that it may have been a big hatchet.

■ The substance of both assignments of error presented on appeal concerns the trial court's failure to instruct the jury on the law of self defense and defense of property as set forth in 21 O.S. 1971, § 643. First, defense counsel argues that the court's instruction No. 4 was erroneous in so far as it stated that Billy Branch ". . . while acting in response to a request by a citizen of this county, had the legal right to be at the place and at the time where he was at the time of the incident in question." (OR 9) No objection to this instruction was interposed at trial by defense counsel. We have consistently held that defense counsel, as an officer of the court, has the duty and privilege of aiding the trial judge in preventing error by offering objections to improper instructions and submitting proposed instructions to the court. Where the record is devoid of objections and instructions are not submitted by counsel, the issue has not been preserved for review by this Court. Kidd v. State, Okl.Cr., 462 P. 2d 281 (1969). Further, we note that defendant's argument in support of her proposition is of an obviously hypothetical nature which essentially proposes that if the defense of property against a trespasser had been raised at trial then the defendant would have been prejudiced by the instruction.

■ Defendant's second proposition concerns the trial judge's refusal to give defendant's requested instruction No. 6 concerning justifiable assault. Again, we must observe that there was no evidence in the record which would have supported this instruction. Under the evidence presented for the jury's consideration, defendant was either guilty of committing assault and battery upon a police officer as charged, or she was the innocent victim of a brutal attack who did not raise a hand to protect herself or her property. Defendant's theory of the case at trial was that of total innocence and, without evidence to warrant an instruction on self defense the request was properly denied by the trial judge. See, Hicks v. State, Okl.Cr., 503 P.2d 243 (1972).

Finding no error sufficient to require modification or reversal of the judgment and sentence appealed from, we are of the opinion that same should be, and hereby is, affirmed.

BLISS, P. J., and BRETT, J., concur.