CITY OF AKRON, APPELLANT, *v.* WILLIAMS, APPELLEE.[*]

(No. 5063—Decided December 14, 1960.)

*Mr. Harry N. Van Berg,* director of law, and *Mr. Thomas F. Lynett,* for appellant.
*Mr. Thomas S. E. Brown,* for appellee.

STEVENS, J. The defendant was charged, by affidavit filed in the Municipal Court of Akron, with a violation of Chapter 25, Section 78, of the Akron City Code (now Section 369.02, Code of the city of Akron, 1960), which prohibits the possession of a firearm by a person who has been convicted of a felony.

The defendant demurred to the affidavit, for the reasons that:

"1. The facts stated therein do not constitute an offense against the laws of the state of Ohio, and that:

"2. Further, the facts stated therein are not set forth with sufficient certainty and particularity so as to apprise defendant of the nature of the charge against him;

"3. And further, the offense charged in the said affidavit is based upon an unconstitutional and invalid ordinance, in that the said ordinance is in violation of the rights of this defendant guaranteed under Article I, Section 9, of the Constitution of the United States, and Article I, Section 14, and Article II, Section 28, of the Constitution of Ohio."

That demurrer, upon consideration by the Municipal Court, was sustained, and the prosecution dismissed, the court holding the ordinance in question to be an unconstitutional enactment.

From the judgment entered in accordance with the court's

[*]Motion to certify the record overruled, May 10, 1961.

ruling, an appeal on questions of law has been prosecuted to this court.

The ordinance provides:

"(a) No person who has been convicted of a felony in any court of the United States, the several states, territories, possessions, commonwealth countries or the District of Columbia, or who is a fugitive from justice or of unsound mind or a drug addict or an habitual drunkard, shall possess a firearm within this city.

"(b) No person who is a member of a subersive organization shall possess a firearm within this city.

"(c) No person under the age of eighteen shall possess a pistol. The provisions of this paragraph shall not apply to the issue of pistols to members of the Armed Forces of the United States, active or reserve, State Militia, or ROTC, when on duty or training, or to the temporary loan of pistols for instruction under the immediate supervision of a parent, guardian or adult instructor.

"(d) No person shall sell, lease, lend or otherwise transfer a pistol to any person under eighteen years of age except as provided in paragraph (c) above. (Ord. 982-1957. Passed 10-29-57.)"

The defendant, for the purposes of the demurrer, admits that he was previously duly convicted of a felony, and that he had in his possession a firearm in violation of the provisions of the above ordinance.

The city of Akron is a charter city, operating under the provisions of Section 3, Article XVIII of the Constitution of the state of Ohio.

That article and section provide:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

A municipal ordinance, passed under the above constitutional grant, must not be arbitrary, discriminatory, capricious, or unreasonable, and must bear a real and substantial relation to the health, safety, morals or general welfare of the public. *City of Cincinnati* v. *Correll*, 141 Ohio St., 535.

Section 1, Article I of the Constitution of Ohio provides:

"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

Section 4, Article I, thereof, provides:

"The people have the right to bear arms for their defense and security; but standing armies, in time of peace, are dangerous to liberty, and shall not be kept up; and the military shall be in strict subordination to the civil power."

It is necessary, in evaluating the foregoing ordinance in the light of the above constitutional provisions, to consider the pronouncement of the Supreme Court of the United States, in *Jacobson* v. *Commonwealth of Massachusetts*, 197 U. S., 11, 49 L. Ed., 643, wherein the court, speaking through Mr. Justice Harlan, at page 31, stated the following:

"* * * If there is any such power in the judiciary to review legislative action in respect of a matter affecting the general welfare, it can only be when that which the Legislature has done comes within the rule that, if a statute purporting to have been enacted to protect the public health, the public morals or the public safety, has no real or substantial relation to those objects, or is, *beyond all question*, a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the Constitution." (Italics ours.)

See, also, *State Bd. of Health* v. *City of Greenville*, 86 Ohio St., 1, at page 21, to the same effect.

The ordinance of the city of Akron, under which the defendant was charged, beyond peradventure was directed to protecting the people, under the grant of police power in the field of public safety. To permit convicted felons, as a class, upon their release from prison, to equip themselves with firearms, thereby enabling them to continue pursuit of antisocial activities, if they see fit to do so, would present an anomalous situation, to say the least.

Statutes. prohibiting persons who have been convicted of felonies, from owning or possessing firearms, have been held valid in states having similar or identical constitutional pro-

visions with those pertaining in Ohio, among which are: *State v. Robinson*, 217 Ore., 612, 343 P. (2d), 886; *State v. Wyckoff*, 27 N. J. Super., 322, 99 A. (2d), 365.

In 94 Corpus Juris Secundum, Weapons, Section 2d(2), the following appears:

"Felons. It is within the legislative power to interdict the ownership or possession of firearms by persons convicted of a felony * * *. This classification is a reasonable one * * *."

The members of this court are unable to say that the ordinance under attack, enacted to protect the public safety, has no real or substantial relation to that object, or is, *beyond all question*, a plain, palpable invasion of rights secured by the Constitution of Ohio; nor are we able to conclude that said ordinance is arbitrary, discriminatory, capricious or unreasonable. It bears a real and substantial relation to the safety of the public, applies to all persons within the proscribed class, and, in our unanimous opinion, is a reasonable and constitutional enactment.

The second reason assigned by the Municipal Court for holding the ordinance invalid is, that the state, by legislating upon the subject of carrying concealed weapons (Section 2923.01, Revised Code), has pre-empted the field of legislation upon the subject of possessing and carrying firearms, thereby foreclosing the city from legislating in that field.

It will be observed that Section 2923.01, Revised Code, is titled "Carrying of concealed weapons," and that the statute deals only with the carrying of the weapons therein enumerated, not with the question of who may possess firearms.

The Supreme Court of Ohio, in *Village of Struthers v. Sokol*, 108 Ohio St., 263, held in paragraph 2 of the syllabus:

"2. In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa."

So far as we are able to discover, the state Legislature has not legislated upon the subject of who may *possess* firearms; and if that be true, then the legislative authority of the city of Akron may properly, in the exercise of police power, enact an ordinance such as here under consideration, there being no conflict therein with general laws.

We have confined our decision strictly to the matter presented by this case—*viz.*, the interdiction of one convicted of a felony from possessing a firearm within the city of Akron.

As to the constitutional validity of the other provisions of the ordinance, we express no opinion thereon.

*State, ex rel. Kauer, Dir. of Dept. of Highways,* v. *Defenbacher, Dir. of Dept. of Finance,* 153 Ohio St., 268, at p. 284.

Concluding as we do, the judgment of the Municipal Court of Akron under review is reversed, and the cause remanded to the Municipal Court of Akron for further proceedings according to law.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and HUNSICKER, J., concur.