519 P.2d 37

**STATE of Arizona, Appellee,**

v.

**Manuel Garcia RASCON, Appellant.**

**No. 2567.**

Supreme Court of Arizona,
In Banc.
Jan. 24, 1974.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Joseph W. Charles, Glendale, for appellant.

STRUCKMEYER, Justice.

This criminal appeal is from a revocation of probation and a sentence committing appellant to the state penitentiary.

Appellant pled guilty to an indictment charging him with the sale of heroin, a narcotic drug, and to a prior conviction for burglary. He faced a minimum sentence of ten years, with the maximum being life imprisonment with no possibility of release until he had served not less than the ten years. See A.R.S. § 36–1002.02, Added Laws 1961. Although appellant had spent seventeen years in prison and was a hard core addict at age forty-two, he petitioned the court to grant him probation. After a mitigation hearing, the sentencing judge, evidently feeling there was a possibility of rehabilitation through drug control, suspended sentence for five years and advised him that conditions of probation would be later presented to him in writing. One of the conditions when presented to appellant was that he would not have under his control any deadly weapon or firearm without the consent and permission of his probation supervisor.

Approximately two weeks later, appellant was found in possession of a .38 Special

Colt revolver. At his hearing on revocation of probation, appellant acknowledged that he owned the revolver which when found in his possession was fully loaded. But he urges that the condition of probation that he not possess a firearm violates Article 2, § 26 of the Arizona Constitution, A.R.S., providing: "the right of an individual citizen to bear arms in defense of himself or the State shall not be impaired."

 In the case of State v. Noel, 3 Ariz.App. 313, 414 P.2d 162 (1966), review denied by this court December 7, 1966, the Court of Appeals answered the question of the constitutionality of the statute A.R.S. § 13–919, providing that it is unlawful for a person who has been convicted of a crime of violence to possess a pistol unless such person has been pardoned for such crime or has by law regained full status as a citizen. The court, in a well considered opinion of which we approve, held that similar statutes do not infringe upon the right of a person to keep and bear arms, *cf.* Costello v. United States, 255 F.2d 389, (8th Cir., 1958), cert. den. 358 U.S. 830, 79 S.Ct. 52, 3 L.Ed.2d 69 (1958).

 The appellant does not argue that he has been pardoned for the crime of burglary, nor does he argue that by law he has regained full status as a citizen. Accordingly, we conclude that the condition of probation requiring that appellant should not have under his control any deadly weapon or firearm was a lawful condition of probation. Possession thereof by appellant was, in itself, a criminal offense and appellant was engaging in a criminal activity.

 Appellant also argues that he is denied the equal protection of the laws by treating him differently from other persons who have not been denied the right to possess firearms. The answer to appellant's argument is that it is reasonable for society to classify persons such as appellant, who are convicted felons, so that they are treated differently from others. Laws prohibiting the possession of firearms by those convicted of crimes of violence do not deny equal protection. State v. Robinson (Del.Supr.), 251 A.2d 552 (1969); City of Akron v. Williams, 113 Ohio App. 293, 177 N.E.2d 802 (1960); Johnson v. State (Okl.Cr.), 465 P.2d 481 (1970), cert. den. 400 U.S. 838, 91 S.Ct. 77, 27 L.Ed.2d 72 (1970).

 Finally, appellant contends that the sentencing judge abused his discretion in imposing a sentence on appellant at the conclusion of the revocation hearing. We think that it is abundantly clear from what has been said that there can be no merit to this contention.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.