[No. 11283–0–I. Division One. August 22, 1983.]

SECOND AMENDMENT FOUNDATION, ET AL, *Appellants*, v. THE CITY OF RENTON, *Respondent*.

584

*Richard B. Sanders,* for appellants.

*Lawrence J. Warren, City Attorney,* for respondent.

CORBETT, J.—The Second Amendment Foundation appeals a summary judgment upholding the City of Renton municipal ordinance limiting the possession of firearms where alcoholic beverages are dispensed by the drink. We

affirm.

The City of Renton enacted municipal ordinance 3459 which provides, in pertinent part:

> It is unlawful for anyone, on or in any premise in the City of Renton where alcoholic beverages are dispensed by the drink, to:
> A. Carry any rifle, shotgun or pistol, whether said person has a license or permit to carry said firearm or not, and whether said firearm is concealed or not.[1]

The appellant foundation is a nonprofit corporation organized to promote greater awareness of the constitutional right to bear arms. The four individual appellants, all licensed handgun owners, are residents of King County and/or the City of Renton. They brought this action against the City of Renton seeking declaratory and injunctive relief, alleging that the ordinance was unconstitutional and preempted by state law. The trial court granted the City's motion for summary judgment. The Supreme Court denied the petition for direct review and transferred the case to this court. Two issues are presented on appeal.

1. Does ordinance 3459 violate the right to bear arms secured by the Washington Constitution, article 1, section 24?

2. Is ordinance 3459 preempted by state law governing the issuance of licenses to carry concealed pistols, as provided for in RCW 9.41?

 The Washington constitutional provision concerning a citizen's right to carry arms in self–defense is unambiguous.

> Right to bear arms. The right of the individual citizen to bear arms in defense of himself, or the state, shall not be impaired, but nothing in this section shall be construed as authorizing individuals or corporations to organize, maintain or employ an armed body of men.

Const. art. 1, § 24. Rules of construction require that the language be given its ordinary meaning. *State ex rel.*

---

[1]The ordinance also prohibits other specified weapons capable of producing bodily harm. Appellants challenge only that part dealing with firearms.

*Graham v. Olympia,* 80 Wn.2d 672, 676, 497 P.2d 924 (1972). The court may not engraft an exception where none is expressed in the constitution. *State ex rel. O'Connell v. Port of Seattle,* 65 Wn.2d 801, 806, 399 P.2d 623 (1965). However, the burden of establishing unconstitutionality is on the appellants who challenge the ordinance. *Louthan v. King Cy.,* 94 Wn.2d 422, 428, 617 P.2d 977 (1980); *In re Marriage of Johnson,* 96 Wn.2d 255, 258, 634 P.2d 877 (1981). It has long been recognized that the constitutional right to keep and bear arms is subject to reasonable regulation by the State under its police power. *State v. Krantz,* 24 Wn.2d 350, 353, 164 P.2d 453 (1945); *see State v. Gohl,* 46 Wash. 408, 410, 90 P. 259 (1907).

> A constitutional guaranty of certain rights to the individual citizen does not place such rights entirely beyond the police power of the state.

*State v. Gohl, supra* at 410.

■ Regulations enacted by a municipality in the exercise of its police powers must meet the judicial test of reasonableness. This test requires that the regulation be reasonably necessary to protect the public safety, health, morals and general welfare and be substantially related to the legitimate ends sought. *Homes Unlimited, Inc. v. Seattle,* 90 Wn.2d 154, 158, 579 P.2d 1331 (1978); *Seattle v. Pullman,* 82 Wn.2d 794, 799, 514 P.2d 1059 (1973).

■ The scope of permissible regulation must depend upon a balancing of the public benefit to be derived from the regulation against the degree to which it frustrates the purpose of the constitutional provision. The right to own and bear arms is only minimally reduced by limiting their possession in bars. The benefit to public safety by reducing the possibility of armed conflict while under the influence of alcohol outweighs the general right to bear arms in defense of self and state. The Renton ordinance is narrowly drawn and demonstrates legislative concern for reasonable exercise of the police power where liquor by the drink is dispensed. By specific exception, the ordinance does not apply to:

A. Any lawful act committed by a person while in his fixed place of business.

B. Any person who by virtue of his office or public employment is vested by law with a duty to preserve public safety, maintain public order, or to make arrests for offenses, whether during regular duty hours or not.

C. Any person making or assisting in making a lawful arrest for the commission of a felony.

D. Any area primarily designated for the service of prepared foods and commonly referred to as a restaurant, whether alcoholic beverages are served or not.

On balance, the public's right to a limited and reasonable exercise of police power must prevail against the individual's right to bear arms in public places where liquor is served. It should be noted that while 36 states have constitutional provisions concerning the right to bear arms, in none is the right deemed absolute. Note, *The Impact of State Constitutional Right To Bear Arms Provisions on State Gun Control Legislation,* 38 U. Chi. L. Rev. 185, 187 (1970). Those states with constitutional provisions similar to ours have uniformly held the right subject to reasonable exercise of the police power. *See Hyde v. Birmingham,* 392 So. 2d 1226, 1227 (Ala. Crim. App. 1980), *cert. denied,* 392 So. 2d 1229 (Ala. 1981); *People v. McFadden,* 31 Mich. App. 512, 188 N.W.2d 141, 144 (1971); *Carfield v. State,* 649 P.2d 865, 871–72 (Wyo. 1982); *State v. Rascon,* 110 Ariz. 338, 519 P.2d 37, 38 (1979); *State v. Robinson,* 217 Or. 612, 343 P.2d 886, 889 (1959); *Matthews v. State,* 237 Ind. 677, 148 N.E.2d 334, 338 (1958). The ordinance is constitutionally valid.

██ We next address whether the ordinance is preempted by state law. Municipalities have broad powers to enact police regulations. Const. art. 11, § 11; *Bellingham v. Schampera,* 57 Wn.2d 106, 109, 356 P.2d 292, 92 A.L.R.2d 192 (1960). Reasonable police regulations will be upheld unless they conflict with state law or the Legislature has clearly and explicitly stated its intent to preempt the power of local government to legislate in the area. *Bellingham v. Schampera, supra.* Whether there is room for concurrent

jurisdiction or whether the Legislature has preempted the field is determined by analyzing the Legislature's intent. *Lenci v. Seattle,* 63 Wn.2d 664, 669, 388 P.2d 926 (1964). A statute will not be construed as taking away the power of a municipality to legislate unless this intent is clearly and expressly stated. *State ex rel. Schillberg v. Everett Dist. Justice Court,* 92 Wn.2d 106, 108, 594 P.2d 448 (1979).

Relying on Laws of 1961, ch. 124, § 14,[2] appellants argue that the Legislature has clearly expressed such an intention. This provision served only to repeal inconsistent municipal legislation in effect in 1961, and has no bearing on the present case.

The Uniform Firearms Act, RCW 9.41, proscribes possession of pistols by those convicted of crimes of violence. It prohibits sale to drug addicts, habitual drunkards and persons under the age of 21, and regulates the method of sale. It further provides for a license to carry a pistol concealed on the person. A careful examination of the Uniform Firearms Act, RCW 9.41, demonstrates no express preemption concerning the possession of firearms on premises where liquor is sold by the drink. The Legislature has not indicated an intention to preempt municipal regulation in all areas of gun control.[3] The power of municipalities to so legislate survives. *State ex rel. Schillberg v. Everett Dist. Justice Court, supra* at 108.

The other test of preemption is whether the ordinance permits or licenses that which the statute forbids, or the statute permits or licenses that which the ordinance forbids. *Bellingham v. Schampera, supra* at 111. Our statutes do not expressly state an unqualified right to be in posses-

---

[2]This provision is an uncodified amendment to Laws of 1935, ch. 172, § 21, by which the Uniform Firearms Act was first adopted in this state. It reads:

"All laws or parts of laws of the state of Washington, its subdivisions and municipalities inconsistent herewith are hereby preempted and repealed."

[3]Since oral argument in this case, the Legislature added a new section to RCW 9.41, to be effective July 24, 1983. Laws of 1983, ch. 232, § 12. This provision prohibits the enactment of local ordinances inconsistent with the requirements of RCW 9.41. It does not militate against the result reached here.

sion of a firearm at any time or place.[4] The Renton ordinance does not purport to contradict or restrict any provision of the statute. Therefore, the statute and ordinance are not inconsistent.

While an absolute and unqualified local prohibition against possession of a pistol by the holder of a state permit would conflict with state law, an ordinance which is a limited prohibition reasonably related to particular places and necessary to protect the public safety, health, morals and general welfare is not preempted by state statute.

Municipal ordinances enacted in the exercise of the municipality's police power are presumed to be valid enactments. *Homes Unlimited, Inc. v. Seattle, supra; Seattle v. Wright,* 72 Wn.2d 556, 559, 433 P.2d 906 (1967). The appellants have failed to overcome this presumption.

Affirmed.

RINGOLD, J., concurs.

ANDERSEN, C.J. (concurring)—I concur, but would just add the following observation. There is nothing in the language of our state constitution or in the history of the right to "bear arms", as protected by the federal and various state constitutions, which lends any credence whatsoever to the claim that there is a constitutional right to carry a firearm into a drinking establishment. *See, e.g., United States v. Miller,* 307 U.S. 174, 83 L. Ed. 1206, 59 S. Ct. 816 (1939); *State v. Tully,* 198 Wash. 605, 89 P.2d 517 (1939); *Ex parte Thomas,* 1 Okla. Crim. 210, 97 P. 260 (1908).

---

[4]This is subject to specific exceptions, not here pertinent, applying to police officers and members of the armed services when on duty.