**Robert C. WARDEN, Plaintiff,**

v.

**Gregory J. NICKELS and City of Seattle, Defendants.**

**Case No. C09–1686 MJP.**

United States District Court,
W.D. Washington,
at Seattle.

March 11, 2010.

Robert Carson Warden, Kent, WA, pro se.

Daniel J. Dunne, Jr., David S. Keenan, George E. Greer, Orrick Herrington & Sutcliffe LLP, Gary E. Keese, Seattle City Attorney's Office, Seattle, WA, for Defendant.

## ORDER GRANTING MOTION TO DISMISS

MARSHA J. PECHMAN, District Judge.

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's amended complaint. (Dkt. No. 10.) The Court has reviewed the motion, the response (Dkt. No. 13), the reply (Dkt. Nos. 18), and all papers submitted in support thereof.[1] The Court has also considered

---

1. The Court does not rely on the deposition transcripts submitted by Defendants. The

Defendants' unopposed motion for leave to file supplemental briefing (Dkt. No. 24), Plaintiff's response (Dkt. No. 26), and all papers submitted in support thereof. Having heard oral argument on March 2, 2010, at which time Plaintiff withdrew his motion for a preliminary injunction (Dkt. No. 8), the Court GRANTS Defendants' motion to dismiss and motion to file supplemental briefing, and DISMISSES Plaintiff's amended complaint.

## Background

Plaintiff Robert Warden sues the City of Seattle and Mayor Greg Nickels, challenging the constitutionality of a rule created by the Seattle Parks Department that makes it illegal to carry concealed firearms or display firearms at certain parks facilities where "children and youth are likely to be present and . . . appropriate signage has been posted to communicate to the public that firearms are not permitted at the facility." Department of Parks and Recreation Rule/Policy No. P 060–8.14(4.0) (Oct. 14, 2009) (hereinafter "Park Rule") (Amended Complaint ("Compl.") Ex. C.) The Park Rule was created after Defendant Mayor Greg Nickels issued an executive order on June 6, 2008 directing city departments to create rules and policies to "prohibit the possession of dangerous weapons, including firearms, on City Property." Executive Order 07–08 (Compl. Ex. A., Dkt. No. 4–2 at 2–3.)[2] The penalty for violating the Park Rule is ejectment. There are no criminal or other related penalties.

Plaintiff alleges he entered the Seattle Southwest Community Center on November 14, 2009, a Saturday when the "facility was bustling with weekend activity." (Compl. ¶¶ 18–20.) Plaintiff alleges he possesses a concealed pistol license and he carried his pistol under his jacket onto the park property. (Id. ¶ 18.) Plaintiff had forewarned Defendants he would enter the park carrying his concealed weapon. (*Id.*) A parks security official was present on November 14, 2009 when Plaintiff entered the Seattle Southwest Community Center. (Id. ¶ 19.) The official asked Plaintiff to leave the park after determining that Plaintiff was carrying a weapon and verifying that he was the man who had previously contacted the City. (*Id.*)

Plaintiff pursues three causes of action against both Defendants: the Park Rule violates (1) the Second Amendment, (2) Equal Protection under the Fourteenth Amendment, and (3) the Washington State Constitution. In a related case in King County Superior Court, the court entered a permanent injunction on the basis of state law preemption barring the City from enforcing the Park Rule and declaring the Rule null and void. (Dkt. No. 22–3.) Against both Defendants, Plaintiff seeks declaratory and injunctive relief, nominal damages in the amount of one dollar, and attorney's fees and costs. (Compl. ¶¶ 30–33.) Against Defendant Nickels, Plaintiff also seeks punitive damages. (Id. ¶ 34.)

## Analysis

### A. *Standard*

On a Rule 12(b)(6) motion to dismiss, the Court must assess the legal feasibility of the complaint. The Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in Plaintiff's favor. *Tellabs, Inc. v. Makor Issues &*

---

Court relies only on matters within the pleadings and does not convert the motion to dismiss into a motion for summary judgment. Because Plaintiff incorporated the arguments made in support of his motion for preliminary injunction into his response to Defendants'

motion to dismiss, the Court has considered Dkt. Nos. 8 and 20.

**2.** Plaintiff incorporates the Executive Order and Park Rule into his amended complaint as Exhibits A and C, respectively.

*Rights, Ltd.,* 551 U.S. 308, 322–23, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). To survive a motion to dismiss, the complaint "does not need detailed factual allegations," but it must contain "enough [factual allegations] to raise a right to relief above the speculative level" and to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### B. *Mootness*

■■■ "Mootness is a threshold jurisdictional issue." *S. Pac. Transp. Co. v. Pub. Util. Comm'n of State of Oregon,* 9 F.3d 807, 810 (9th Cir.1993). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) (citation omitted). "Where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirements of a case or controversy" regardless of whether the remaining claims are "secondary." *Id.* at 496–97, 499, 89 S.Ct. 1944.

■■■ The Court sua sponte considers this issue in light of the recent King County Superior Court ruling that declared the Park Rule null and void and enjoined the City of Seattle from enforcing it. The King County Superior Court's ruling on the basis of state law preemption binds the Court only insofar as it nullified and enjoined enforcement of the Park Rule, making Plaintiff's claim for injunctive relief MOOT. Recognizing this, Plaintiff clarified at oral argument that he no longer seeks preliminary injunctive relief. The Superior Court's apparent ruling as to the propriety of the Park Rule under the Washington State Constitution is of extremely limited utility because that issue was not pleaded, briefed, or argued to the court. (*See* Dkt. Nos. 22–4, 25–2 at 2–13, 25–3 at

10–60.) The court was presented only with the issue of state law preemption, and here Plaintiff expressly removed his preemption claim from his complaint. (*Compare* Dkt. No. 1. *with* Dkt. No. 4.) Moreover, only the state supreme court may bind this Court on distinct issues of state law. *Assoc. Gen. Contractors of Cal. v. San Francisco Unified Sch. Dist.,* 616 F.2d 1381, 1384 (9th Cir.1980). Similarly, the Superior Court's ruling as to the Park Rule's constitutionality under federal law in no way binds this Court. *See TMJ Implants, Inc. v. Aetna, Inc.,* 498 F.3d 1175, 1181 (10th Cir.2007). Thus a controversy over Plaintiff's purported past injuries remains live and justiciable before this Court. *See Powell,* 395 U.S. at 496–97, 89 S.Ct. 1944.

### C. *Second Amendment as to municipalities*

Defendants contend that the current law in the Ninth Circuit precludes Plaintiff's Second Amendment claim. Defendants are correct. The Second Amendment does not apply to cities and states.

■■■ Current Ninth Circuit law holds that "the Second Amendment constrains only the actions of Congress, not the states." *Fresno Rifle and Pistol Club, Inc. v. Van De Kamp,* 965 F.2d 723, 729 (9th Cir.1992). A three-judge panel in the Ninth Circuit recently overruled *Fresno Rifle,* holding that the Second Amendment is incorporated into the 14th Amendment and that it is therefore applicable against municipalities. *Nordyke v. King,* 563 F.3d 439 (9th Cir.2009), *vacated pending reh'g en banc,* 575 F.3d 890 (9th Cir.2009). However, the Ninth Circuit granted rehearing en banc and vacated the three-judge decision in *Nordyke.* 575 F.3d 890. Thus, the state of the law remains that the Second Amendment applies only to the federal government. The Supreme Court

has not stated differently. *See District of Columbia v. Heller,* — U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) (applying the Second Amendment to the District Columbia without considering incorporation under the Fourteenth Amendment).

■ Plaintiff's Second Amendment claim fails for the simple reason that the Second Amendment does not constrain the acts of municipalities, such as Seattle. *Fresno Rifle,* 965 F.2d at 729. That the Supreme Court has granted certiorari in a case that will likely decide the issue of Second Amendment's incorporation into the Fourteenth Amendment does not change the outcome. *See McDonald v. Chicago,* — U.S. ——, 130 S.Ct. 48, 174 L.Ed.2d 632 (2009) (granting cert.). As Defendants point out, Plaintiff chose to file his case now, rather than wait for a change in the law. Plaintiff contends that the law is not settled because the *Nordyke* panel held that the Second Amendment is incorporated into the Fourteenth Amendment. That fact is irrelevant. The *Nordyke* panel's decision has been vacated and, as the Ninth Circuit clarified, "[t]he three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit." *Nordyke,* 575 F.3d 890. *Nordyke* has no binding effect.

Defendants' motion to dismiss Plaintiff's Second Amendment claim is GRANTED and the claim is DISMISSED.

## D. *Equal Protection*

Defendants move to dismiss Plaintiff's claim that the Park Rule violates Equal Protection as guaranteed by Fourteenth Amendment. Plaintiff's claim is without merit.

■ "The first step in equal protection analysis is to identify the [defendants'] classification of groups." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1187 (9th Cir.1995) (quotation omitted). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Id.* If plaintiff satisfies this burden, then the court considers what level of review to apply to the conduct.

■ An equal protection claim merits strict scrutiny when the party alleges interference with a fundamental right or discrimination against a suspect class. *Kadrmas v. Dickinson Pub. Schs.,* 487 U.S. 450, 457–58, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988). A suspect class exists when a classification rests on "inherently suspect distinctions, such as race, religion or alienage." *City of New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). A fundamental right is generally one enshrined in the Constitution and interpreted by the Supreme Court. *See Planned Parenthood v. Casey,* 505 U.S. 833, 847–48, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). If strict scrutiny is applied, the policy will be struck down unless the classification drawn by the policy is "suitably tailored to serve a compelling state interest." *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). If not subject to strict scrutiny, the challenged classification is presumed to be constitutional and will be upheld so long as the act is rationally related to a legitimate governmental purpose. *Id.*

Plaintiff has alleged that he is classified for a potentially discriminatory purpose. In his complaint, Plaintiff alleges that he was excluded from the park because he had a concealed pistol, while others without weapons were allowed to enjoy the park. (Compl. ¶ 21.) Plaintiff has satisfied the threshold element in his Equal Protection claim.

■ Plaintiff is not entitled to strict scrutiny. He has not alleged that he is a member of a suspect class—he is not allegedly classified based on an immutable

trait, such as alienage, race, or national origin. Plaintiff cites no case law showing that he has a fundamental right to possess a pistol at a city park. Nothing in *Heller* suggests that Plaintiff has such a right. (*See* Dkt. No. 13 (admitting that *Heller's* "ruling was limited to the home only").) Plaintiff is entitled to rational basis review only.

■■■■ The Park Rule passes rational basis scrutiny. "Under rational basis analysis, a classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Isbell v. City of San Diego*, 258 F.3d 1108, 1116 (9th Cir.2001) (quotation omitted). Plaintiff claims only that the policy is incoherent and arbitrary. Yet, the Park Rule was created to ensure safe areas for children and youth to recreate without the threat of violence caused by or related to firearm possession on park grounds. (Compl. Ex. C at ¶¶ 1.2–1.12.) The Park Rule cites the large number of children who recreate at designated parks, and the risk of children finding unattended firearms and hurting themselves or others, fights escalating through gun violence, and accidental discharges of firearms. (*Id.*) The Park Rule's aim to ensure the safety of children and youth satisfies a core value of public safety that is consistently held to be a legitimate state interest. *See Center for Bio–Ethical Reform, Inc. v. City and County of Honolulu*, 455 F.3d 910, 922 (9th Cir.2006) (considering governmental interests in the context of the First Amendment). Additionally, Defendants narrowly tailored the Park Rule to include only those public parks and community centers where children and youth predominantly recreate. The Park Rule is simply a regulation on access, with a secondary impact on firearm possession. The Park Rule does not apply to every park; it leaves open parks to those who might wish to carry weapons if children and youth are not likely to be present or where signage barring gun possession has not been posted. (Compl. Ex. C. ¶ 4.0.) The Court finds that Park Rule more than exceeds the requirements to pass rational basis review. The Court DISMISSES Plaintiff's claim and GRANTS Defendants' motion.

### E. Qualified Immunity

Defendants move to dismiss Plaintiff's Second Amendment and Equal Protection claims against Mayor Nickels on the basis of qualified immunity. Plaintiff's claims are barred by qualified immunity.

■■■■ "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, — U.S. —, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (quotation omitted). To determine whether qualified immunity applies, the Court has discretion in applying one or both steps of a two-step inquiry set out in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). *Pearson*, 129 S.Ct. at 818. The Court first determines whether the plaintiff has alleged a violation of a constitutional right. *Id.* at 815–16. If so, then the Court may decide whether the right at issue was "clearly established" at the time of the alleged misconduct. *Id.*

Plaintiff's Second Amendment and Equal Protection claims fail at the first step: there is no constitutional violation.

There is no authority that applies the Second Amendment to the states, and there was no such constitutional right at the time the Park Rule was promulgated. *See Fresno,* 965 F.2d at 730. There is also no violation of Equal Protection because the Park Rule easily satisfies rational basis review.

Plaintiff's claims also fail at the second step. At this moment in time, there is no law holding that the Second Amendment applies to states or cities. The issue is only now before the Supreme Court. There is also no clearly established law that would cause the Park Rule to violate Equal Protection by not passing rational basis review. Defendant Nickels is entitled to qualified immunity.

Plaintiff argues that Mayor Nickels violated his constitutional rights because the Mayor knew the State preempted the City's power to regulate guns. (Dkt. No. 13 at 6.) Whether Mayor Nickels may regulate firearms under state law has nothing to do with whether the Park Rule violates any right under either the Second Amendment or Equal Protection. That issue is solely one of state law that is not before the Court; Plaintiff expressly removed his preemption claim from his complaint. (*Compare* Dkt. No. 1. *with* Dkt. No. 4.)

The Court GRANTS Defendants' motion on this issue, and finds that Defendant Nickels is immune from suit as to Plaintiff's Second Amendment and Equal Protection claims.

F. *State Constitution*

██ Plaintiff alleges that the Park Rule violates Article I, § 24 of the Washington State Constitution. Defendants correctly argue that the Park Rule is a reasonable and permissible regulation under the State Constitution.

The Washington State Supreme Court recently relied on *Heller* as guidance as to assess the scope of the rights reserved to individuals in Article I, § 24 of the Washington State Constitution. *See State v. Sieyes,* 168 Wash.2d 276, 292–97, 225 P.3d 995 (2010). The court in *Sieyes* chose to "follow *Heller*" and declined to analyze the firearm regulation "under any level of scrutiny." *Id.* at 295–97, 225 P.3d 995. "Instead we look to the Second Amendment's original meaning, the traditional understanding of the right...." *Id.* However, because the parties in *Sieyes* failed to brief the issue, the court did not engage in a historical inquiry and concluded that the appellant had offered no basis to invalidate the law. Just as in *Sieyes,* Plaintiff fails to provide any argument or evidence as to the original meaning of Article I, § 24 or the Second Amendment. *See id.* (affirming the criminalization of gun possession by persons under the age of 18). While Plaintiff's failure to brief the historical issue could be grounds for dismissal, the Court assesses the Park Rule in light of *Heller's* other instructions and binding Washington authority that *Sieyes* left untouched. As explained below, under both *Heller* and Washington law, the Park Rule is constitutional.

*Heller* provides limited guidance as to how to evaluate the constitutionality of gun regulations under the Second Amendment. A footnote suggests that rational basis review is not a proper standard of review. *Heller,* 128 S.Ct. at 2817 n. 27. But the footnote assumes that the challenged law would "overcome the right to keep and bear arms," not just limit the possession in particular places or at particular times. *Id.* To this end, the Court explains that "the right secured by the Second Amendment is not unlimited." *Id.* at 2816. As a non-exhaustive list, the Court states that laws may fully prohibit "the carrying of firearms in sensitive places such as schools and government buildings, or ... impos[e] conditions and qualifications on the commercial sale of arms." *Id.* at 2816–17. By

adopting *Heller*, the court in *Sieyes* implicitly recognized that this limitation on the Second Amendment and Article I, § 24 of the Washington State Constitution. *See Sieyes*, 168 Wash.2d at 299–301, 225 P.3d 995 (Johnson, J., concurring and dissenting in part) (recognizing the "sensitive place" limitation on the Second Amendment).

The Park Rule is a permissible restriction on the possession of firearms in a "sensitive" place. As with a government building or school, a city-owned park where children and youth recreate is a "sensitive" place where it is permissible to ban possession of firearms. *See Heller*, 128 S.Ct. at 2816–17. In this regard, the Court sees no logical distinction between a school on the one hand and a community center where educational and recreational programming for children is also provided on the other. Just as the Federal Courts do not want civilians entering into courthouses with weapons, the City does not want those with firearms entering certain parks where children and youth are likely present. The Park Rule is thus a perfectly acceptable prohibition on gun possession in a sensitive place and it passes state constitutional scrutiny. Unlike in *Heller*, Plaintiff is not prohibited from possessing a gun in his home, which is a location "where the need for defense of self, family, and property is most acute." 128 S.Ct. at 2817. The need for self-defense is not "most acute" at city parks and community centers where children and youth recreate. Indeed, Plaintiff may even bring firearms into those parks that are not designated by the Park Rule.

Plaintiff argues that *Heller* "set a floor, not a ceiling"—that the right to bear arms is not limited to the home. (Dkt. No. 13 at 4.) He argues that the Supreme Court's discussion in *Heller* on the prohibition on gun possession in "sensitive places" is simply dicta. Yet Justice Scalia states explicitly that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms . . . in sensitive places." *Heller*, 128 S.Ct. at 2816–17. This admonition cannot be ignored as mere dicta—it explains the scope of the holding. Plaintiff fails to make a persuasive argument that a city park where children recreate is not a sensitive place. The Park Rule passes constitutional scrutiny because it is a valid prohibition on gun use in a sensitive place. On this basis the Court GRANTS Defendants' motion and DISMISSES Plaintiff's claim.

██ As an alternative basis for review, the Court considers Plaintiff's challenge under existing Washington precedent. The court in *Sieyes* left undisturbed existing Washington precedent that "the right to bear arms in art. I, § 24 is not absolute, but instead is subject to 'reasonable regulation' by the State under its police power." *City of Seattle v. Montana*, 129 Wash.2d 583, 593, 919 P.2d 1218 (1996). In a footnote, the court in *Sieyes* cites *Montana* and states that "we have never settled on levels-of-scrutiny analysis for firearms regulations." *Sieyes*, 168 Wash.2d at 295 n. 20, 225 P.3d 995. In the same footnote, the Court explains that its "decision not to employ levels-of-scrutiny analysis is consistent with our precedents." *Id.* Thus, the *Sieyes* court seems to recognize that the Park Rule can be reviewed under the standard set forth in *Montana*, which is not necessarily a "level-of-scrutiny" test: "to pass constitutional muster, an arms regulation must be a 'reasonable limitation,' one that is reasonably necessary to protect public safety or welfare, and substantially related to legitimate ends sought." *Montana*, 129 Wash.2d at 594, 919 P.2d 1218 (quotation omitted).

The Park Rule easily passes the test set forth in *Montana*. The Park Rule's findings cite the fact that in 2008 over 108,000 children and youth visited city-owned wad-

ing pools and over 59,000 youth events were scheduled at sports fields. (Compl. Ex. C. ¶ 1.2.) The findings also cite the City's "strong interest in promoting ... safe and secure places to visit," and the fact that families' "safe and secure use" of parks is "disturbed by the threat of intentional or accidental discharges of firearms in the vicinity of children" whether from the escalation of a dispute, unsafe storage of a gun, or the intentional intimidation of others. (Compl. Ex. C. ¶¶ 1.6.) The Park Rule also uses as an example the threat of an unattended firearm[3] left in a bag or purse while its owner engages in a recreational activity that may end up in a child's hand due to his or her natural curiosity to touch and handle the forbidden. (Id. ¶ 1.8.) This creates a distinct and palpable threat of accidental injury or death. To address these risks to public safety, the Park Rule provides only for ejectment and not for any other penalties. (Id. ¶¶ 6.1–6.2.) The Park Rule permits Plaintiff and others to bear arms at other city parks where children and youth are not likely to be present or where signage has not been posted. (Id. ¶ 4.0.) The Park Rule qualifies easily under the test set forth in Montana; it is a reasonable and narrow limitation that is substantially and directly related to protecting public safety and welfare at parks where youth and children seek safe recreation. See also Second Amendment Found. v. City of Renton, 35 Wash.App. 583, 587, 668 P.2d 596 (1983) (finding constitutional a municipal ordinance banning the possession of a rifle, shotgun or pistol at any location where alcoholic drinks are dispensed). This is an alternative basis on which the Court GRANTS Defendants' motion and DISMISSES Plaintiff's claim.

### Conclusion

The Court GRANTS Defendants' motion to dismiss in full. Plaintiff's Second Amendment claim fails for the simple reason that the Second Amendment does not apply to the City of Seattle under current Ninth Circuit law. Plaintiff's Equal Protection claim is without merit because the Park Rule passes rational basis scrutiny. Defendant Nickels is entitled to qualified immunity as to Plaintiff's federal law claims. Plaintiff's state constitutional claim is flawed because Plaintiff has not demonstrated why the regulation is not permissible under the prevailing state law. The Court DISMISSES Plaintiff's complaint with prejudice; any amendment to the complaint would be futile. As requested by Plaintiff, his motion for preliminary injunction is withdrawn as MOOT. The Court also GRANTS Defendants' unopposed motion for leave to file supplemental briefing.

The Clerk shall transmit a copy of this Order to all counsel of record.

---

3. The Court notes, too, that a person with a concealed pistol license does not have to possess any training or knowledge of gun safety to obtain a license. RCW 9.41.070.